

RECEIVED AND FILED
MAIL

201? APR 29  PM 1: 15

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-03169 *EAG* |
| Hernan A. Cruz Sanchez and Jonayra | § | |
| Martinez Vazquez | § | Chapter 13 |
| DEBTOR. | § | |

### APPLICATION FOR THE RECOVERY OF UNCLAIMED FUNDS

COMES NOW the claimant, Dilks & Knopik, LLC, attorney-in-fact for Ulpiano Torres

Velez, claimant, hereby petitions the Court for $2,356.40, which is the sum of all monies being held in the

registry of this court as unclaimed funds, which are due to Ulpiano Torres Velez, creditor. A dividend

check in the amount totaling $2,356.40 was not negotiated by the creditor and the Trustee, pursuant to 11

U.S.C. Section 347(a), delivered the unclaimed funds to the Clerk, US Bankruptcy Court.

The creditor did not receive the dividend check in the above case for the following reason:
The original dividend check was sent to a Ulpiano Torres Velez at c/o Segismundo Lopez Rodriguez #106
Vazquez Baez St. Mayaguez, PR 00680. That address was the address of Ulpiano's attorney, as evidenced
by Exhibit A. The incorrect mailing address may have prevented delivery of the original dividend check.

The creditor's current mailing address, phone and social security/tax identification number are:
Ulpiano Torres Velez
276 Calle Claudio Carrero
Mayaguez, PR 00682
787-673-1042
Last Four Digits of SSN/TIN: 6601

Claimant now seeks to recover the funds from the Court's Registry. Ulpiano Torres Velez

appointed Dilks & Knopik, LLC at its Attorney-in-Fact to seek recovery of said unclaimed monies on its

behalf. **(Dilks & Knopik, LLC is not an law firm but has been granted Limited Power of Attorney**

**from Ulpiano Torres Velez to collect the unclaimed funds, as evidenced by the attached Limited**

**Power of Attorney).** Wherefore, claimant prays that, upon proper notice to the U.S. Attorney's Office, the

Court order that a check in the amount of $2,356.40 made payable to Ulpiano Torres Velez c/o Dilks &

Knopik, LLC be issued from the Court's Registry.

Dated: April 23, 2013              Respectfully Submitted:

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC, Attorney in Fact for
Ulpiano Torres Velez
35308 SE Center St
Snoqualmie, WA 98065
(425) 836-5728

On 4/23/2013 before me, Brian J. Dilks, personally appeared, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and acknowledged to me that he
executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the
person acted, executed the instrument. WITNESS my hand and official seal.



Andrew T. Drake, Notary Public
for the State of Washington, County of King - My Commission Expires: August 9, 2015

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-03169 |
| Hernan A. Cruz Sanchez and Jonayra | § | |
| Martinez Vazquez | § | Chapter 13 |
| | § | |
| DEBTOR. | § | |

### CERTIFICATE OF SERVICE

I, Brian J. Dilks, Partner of Dilks & Knopik, LLC, the undersigned, do declare that on 04/23/2013 2:44
tt, I served the within Motion for the Recovery of Unclaimed Funds to the US Attorney, Debtor,
Debtor's Attorney & Case Trustee, listed below.

I further declare that I served a true and correct copy of the within document via United States Mail,
with postage thereon fully prepaid, to the following individual(s) as follows:

U.S. Attorney's Office
Torre Chardon
350 Carlos Chardon Avenue, Suite 1201
San Juan, PR 00918

Hernan A. Cruz Sanchez and Jonayra Martinez
Vazquez
Debtor
BOX 8155
MAYAGUEZ, PR 00681

U.S. Trustee's Office
Ochoa Building
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

ALEJANDRO OLIVERAS RIVERA
Case Trustee
PO BOX 9024062
SAN JUAN, PR 00902-4062

GERARDO L SANTIAGO PUIG
Attorney for Debtor
33 RESOLUCION ST
SAN JUAN, PR 00920

I declare, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and
belief.

Dated: April 23, 2013          Respectfully Submitted:

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC, Attorney in Fact for
Ulpiano Torres Velez
35308 SE Center St
Snoqualmie, WA 98065
(425) 836-5728

On __4/23/2013__ before me, <u>Brian J. Dilks</u>, personally appeared, personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument
the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official
seal.

[Seal]

Andrew T. Drake, Notary Public
for the State of Washington, County of King
My Commission Expires: <u>August 9, 2015</u>

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| )<br>)<br>RE: Hernan A. Cruz Sanchez and )<br>Jonayra Martinez Vazquez )<br>)<br>)<br>Debtor(s) ) | Case: 10-03169<br><br><br>**AUTHORITY TO ACT**<br>**Limited Power of Attorney**<br>**LIMITED TO ONE TRANSACTION** |

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. **Ulpiano Torres Velez** ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$2,356.40** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

X _____          April 9, 2013_____, 20____
**Ulpiano Torres Velez**                                              **Date**

**Tax ID: XXX-XX-** 6601_____

### ACKNOWLEDGMENT

STATE OF  P. R._____ )                              COUNTY OF  Mayagüez )

On this  9  day of  April 2013  (    AFF. NO. 12,839    ), before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Ulpiano Torres Velez known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.

WITNESS my hand and official seal.

NOTARY PUBLIC _____

Residing at  Mayagüez, Puerto Rico_____

My Commission expires  For Life_____



B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: **HERNAN CRUZ    JONAYRA TORRES VELEZ**

Case Number: **10-03169-MCF**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**ULPIANO TORRES VELEZ**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**SEGISMUNDO LOPEZ RODRIGUEZ**
**#106 VAZQUEZ BAEZ ST., MAYAGUEZ, PR  00680**

**Court Claim Number:** _____
*(If known)*

Telephone number: **787-381-6970**

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**   $   40,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:**   **MEDICAL MALPRACTICE**
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:**  5198

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property:$_____ Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 08/20/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. SEGISMUNDO LOPEZ RODRIGUEZ, ESQ. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit A

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGUEZ
SALA SUPERIOR

ULPIANO TORRES VELEZ

DEMANDANTE

VS.

DR. HERNAN CRUZ, su esposa
JANE DOE y la SOCIEDAD LEGAL
DE GANANCIALES compuesta por ambos.
DR. RAÚL GARCIA RINALDI, su esposa
JUANA DEL PUEBLO y la SOCIEDAD
LEGAL DE GANANCIALES compuesta
por ambos.
COMPAÑIAS ASEGURADORAS
DESCONOCIDAS; TERCEROS
DEMANDADOS DESCONOCIDOS

DEMANDANTES

CIVIL NÚM.: ISCI200800611
207

SOBRE:

**DAÑOS Y PERJUICIOS**

---

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, representada por el abogado que suscribe y muy respetuosamente EXPONE, ALEGA Y SOLICITA:

1. Que la parte demandante *Ulpiano Torres Vélez,* es mayor de edad y su dirección residencial es la siguiente: Carr. 348, KM 6.4 Interior, bo. Malezas, Mayaguez, Puerto Rico y la postal es: HC-02 box 23377 Mayaguez, Puerto Rico 00680.

2. Los doctores Hernán Cruz, Raúl García Rinaldi tienen su oficina en Centro Médico de Mayaguez y este Tribunal adquiere jurisdicción ya que los hechos ocurrierón en Mayaguez.

3. El día 27 de abril de 2005 la parte demandante Ulpiano Torres Vélez fue operado por los doctores Hernán Cruz y Raúl García Rinaldi en el Advanced Cardiology Center de Mayaguez y le dejarón un cable en su pecho y tuvo que ser sometido a una segunda operación para removerle dicho cable; los doctores Hernán Cruz y Raúl García Rinaldi le prestan servicios al Advanced Cardiology Center y la operación se realizó en dicho lugar.

4. Como resultado de haberle dejado ese pedazo de alambre en su pecho la parte demandante, Sr. Ulpiano Torres Vélez ha sufrido angustias y sufrimientos físicos y emocionales como resultado de la segunda operación que no hubiese sido necesaria a no ser por la negligencia de los doctores Hernán Cruz y Raúl García Rinaldi quienes fuerón los que le hicierón la primera operación. A esta fecha al Sr. Ulpiano Torres Vélez se le ha desarollado una hernia y la herida esta abierta.

Exhibit ___A___

5. La negligencia es el resultado de la mala práctica de la medicina de los doctores que intervinierón en la operación.

6. La parte demandante Ulpiano Torres Vélez valora sus angustias y sufrimientos fisícos y emocionales en la suma de $ 90,000.00.

7. Las alegaciones de la demanda se reproducen contra las Compañias Aseguradoras desconocidas, Terceros demandados desconocidos y la Sociedad Legal de Gananciales de los demandados ya que cuando operarón estaban trabajando para la Sociedad Legal de Gananciales.

**POR TODO LO CUAL,** muy respetuosamente se solicita de este Honorable Tribunal que en día declare CON LUGAR la presente demanda y condene a la parte demandada solidaria y ıncomunadamente a pagar a la parte demandante la suma aquí reclamada, así como las costas, stos y honorarios de abogado.

**RESPETUOSAMENTE SOMETIDO** en Mayaguez, Puerto Rico a  i0  de abril de 2008.

LCDO SEGISMUNDO LOPEZ RODRIGUEZ
COLEGIADO NÚM. 4,377
CALLE DR. MARTINEZ GUASP # 54
MAYAGUEZ, PR. 00680

Exhibit ___A___

# United States Bankruptcy Court
# District of Puerto Rico

## Unclaimed Funds Query

| Unclaimed Funds | | | |
|---|---|---|---|
| Case Number: | 10-03169 | **Total:** | 2928.19 |
| Debtor Name: | HERNAN A CRUZ SANCHEZ | **Paid:** | 0.00 |
| First Name: | **Middle Name:** | **Balance:** | 2928.19 |
| Creditors | | | |
| **Last Name** | **First Name** | **Amount** | **Paid** |
| TORRES VELEZ | ULPIANO | 2928.19 | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-03169 |
| Hernan A. Cruz Sanchez and Jonayra | § | |
| Martinez Vazquez | § | CHAPTER 13 |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |

### ORDER FOR RELEASE OF UNCLAIMED FUNDS

It appearing that the check made payable to Ulpiano Torres Velez, in the amount of $2,356.40 was not charged against the bank account of the debtor's estate within the 90-day limit pursuant to 11 U.S.C.§347 and an unclaimed money report was entered to close the account and transfer the monies into the registry of the Clerk, United States Bankruptcy Court, and

It further appearing that Ulpiano Torres Velez C/o Dilks & Knopik, LLC now claims the above monies in the petition attached hereto,

**IT IS ORDERED** that the Clerk of the Bankruptcy Court pay the sum of $2,356.40, to:

Ulpiano Torres Velez
C/o Dilks & Knopik, LLC
35308 SE Center St
Snoqualmie, WA 98065

Dated: _____                    _____
United States Bankruptcy Judge